## THE COMMISSIONERS *against* HENRY.

At the expiration of three months from the time when a duplicate is put into the hands of a collector of county tax, any balance which is not paid over by him to the treasurer, is a lien upon his personal property.

ERROR to the Common Pleas of *Butler* county.

This was a case stated in the nature of a special verdict, in which *The Commissioners of Butler county* were plaintiffs and *Adam Henry* was defendant. The case is so badly stated as to be scarcely intelligible, as to what was in issue between the parties on the record.

" The treasurer of Butler county filed a transcript of the balance due by *Alexander McCandless*, collector of county tax in Clearfield township, for the year A. D. one thousand eight hundred and twenty-six, with the prothonotary of *Butler* county, agreeably to an act regulating county rates and levies. If from the filing of said transcript it was a lien on the personal property of the said *Alexander McCandless* before the issuing of a warrant by the treasurer to the sheriff of *Butler* county then judgment to be entered for the plaintiff, and the sum to be liquidated by the Attorneys. If not a lien on the personal property from the time of filing the transcript then judgment to be entered for the Defendant."

The court below rendered a judgment for the defendant.

*Fetterman* for plaintiff in error, referred to the 16th section of the act of 11th April, 1799, *Purd. Dig.* 139 ; the 7th section of the act of 29th March, 1803, *Purd. Dig.* 664, and the construction given to them in *Lippencott* v. *Barker*, 2 *Bin.* 188.

*S. A. Gilmore* for defendant in error.

PER CURIAM.—It is not easy to discover the intent of the Legislature in declaring that the transcript shall operate to *all* intents and purposes as a judgment. This was said, probably, in relation to notice and not to lien, inasmuch as a judgment creates no lien on chattels under any circumstances, although an execution does. But the lien here arises not even from the filing of the transcript, but from the existence of an unpaid balance in the hands of the collector, at the expiration of three months from the receipt of the duplicate. The office of the transcript therefore is to give record notice, which however may be essential to render the lien effective. But whatever the intent of that particular clause may have been, it is sufficient that the words of the act are plain and peremptory, that both land and chattels shall be bound from the expiration of the three months; and it is worthy of remark, that there is but one limitation of the lien thus created, and by a term too, which is as applicable to land as to chattels. If then the period of limita-

tion be the same as regards land or chattels, its commencement must be the same, without regard to the nature of its origin, whether by execution or judgment. It is clear, therefore, that the lien in this case, took date from the filing of the transcript.

Judgment of the court of Common Pleas reversed and judgment for the plaintiff.